## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2026 MAR 20 P 3: 38

**GREGORY KELLY AND**
**ANNETTE B.KELLY**

   6213 Willow Glen Drive
   Montgomery, AL 36117
**PLANTIFFS;**

        2:26-cv-00199-BL-CWB

   v.

**THE RETIREMENT SYSTEMS OF ALABAMA dba the**
**Retirement Systems of Alabama ("RSA")**
**.**   201 South Union Street
   P.O. Box 302150, Montgomery, AL 36130-2150.
**DEFENDANT;**

## COMPLAINT  AND JURY TRIAL DEMANDED

The  Plaintiffs, Gregory  and Annette B. Kelly, allege as follows:

## I.    INTRODUCTION

1. The Plaintiffs  claim  that they  have been  denied ARRA COBRA  healthcare Insurance and State Employee Injury Compensation Trust Fund (SEICTF) for reporting information about  **MASSIVE CYBERSECURITY** data  breaches under federal and state  privacy /security laws.

2. The Plaintiffs  also claim  that    RSA's Defendant  and their  employees DENIED  the Plaintiffs  Short-term disability (STD) and Long-term disability (LTD) benefits   because they  refused **to provide  RSA's Defendant with their SSNs and/or copy of  their Social Security  cards.**

1

3. The Plaintiffs aver and allege that an individual's bodily integrity and private and personal medical data are of paramount importance and are protected by the 4th Amendment to the U.S Constitutional, **Section 7 of the Privacy Act of 1974 and the ACA Act , ADA Act,  PDA Act,  GINA Act, FMLA Act  HIPPA Act and  the GLBA Act laws .**

4. The Plaintiffs  also claim the RSA Defendants  PEEHIP Wellness  Program and their   third party Wellness  Program  contractors  and vendors  have failed to fully comply with  cyber-storage  (e-commerce)  data security laws such as the Computer Fraud and Abuse Act (CFAA)  the Electronic Communications Privacy Act (ECPA)  and the  Alabama's Data Breach Notification Act of 2018 (Acts 2018-396).

5. The Fourth Amendment protects individuals from unreasonable government searches and seizures, encompassing physical bodily integrity and, it covers bodily intrusion (e.g., blood tests), protection for medical records is limited by the "third-party doctrine" and "reasonable expectation of privacy" standards

6.  The RSA Defendants  PEEHIP Wellness  Programs impose  heavy penalties and taxes on employees through a coercive wellness program.

7. The  Plaintiffs have   lost fundamental rights  under 4th Amendment, and the ACA, ADA ,  PDA,  FMLA, GINA and HIPPA laws because  the RSA Defendants failed to keep their private information private.

8. The RSA Defendant's PEEHIP Wellness Program enable the RSA Defendants and **more than 458 state agencies** to penalize the Plaintiffs as PEEHIP Wellness Policy holders and their dependents for choosing not to divulge medical data or genetic data about themselves and/ or their families.

9. The Plaintiffs claim that **NPI (Nonpublic Personal Information) and SPI (Sensitive Personal Information)** are both types of restricted data, but NPI focuses on non-public financial/transactional information under the GLBA Act,

10. The Plaintiffs say while SPI involves highly intimate data (health, biometric, religious) requiring high security, often under state regulations the Alabama's Data Breach Notification Act of 2018 (Acts 2018-396)

11. The Plaintiffs claim that the EEOC's 2016 wellness rules ("2016 Rules") have also enabled the RSA Defendants to pressure and coerce the Plaintiffs, as PEEHIP Wellness Programs subscribers and their dependents to divulge their own confidential health data and the confidential genetic information of their spouses as part of an employee "wellness" program.

12. The Plaintiffs claim that the 4th Amendment to the U.S Constitutional, and the ACA, ADA, GINA, FMLA, HIPPA and GLBA Act Federal laws generally prohibit the RSA Defendants and **more than 458 state agents** from requests for employees' (and dependents') medical data including virtually all queries likely to reveal disability-related or genetic information.

3

13. The Plaintiffs say that the Defendant improper and constant questions about healthcare status and previous medical history constitute illegal actions under the 4th Amendment and Section 5 of the Privacy Laws, and the ACA, ADA, FMLA, GINA, HIPPA and the GLBA Act Privacy laws .

14. In enacting the ADA's and GINA Acts prohibition on employers' power to require employees to submit to medical inquiries and exams.

15. Likewise, the 4th Amendment to the U.S Constitution , the ACA Act and HIPPA laws ban instructive that medical and genetic testing if the Plaintiffs **"DO NOT GIVE WRITTEN PRIOR CONSENT"** to these bans these **instructive medical and genetic testing procedurals .**

16. The GLBA Act applies to financial institutions engaged in providing financial products or services to consumers, such as banks, mortgage lenders, tax preparers, insurance companies, and investment firms.

17. The GLBA Act much like the 4th Amendment to the U.S Constitutional, and the ACA, ADA and GINA and HIPPA Federal laws requires cover entities to protect the confidentiality of NPI, PHI and PII data .

18. SPI—including health, biometric, and religious data—requires security to prevent irreparable misuse, because biometric data cannot be altered.

19. The SPI data is protected under various state regulations like the Alabama's Data Breach Notification Act of 2018 (Acts 2018-396).

4

20. Alabama's Data Breach Notification Act of 2018 (Acts 2018-396) requires entities holding Sensitive Personally Identifying Information (SPII) to maintain reasonable security measures and notify the Attorney General and affected residents of breaches likely to cause substantial harm.

21. Section 7 of the Privacy Act of 1974 (5 U.S.C. § 552a note) prohibits federal, state, and local agencies from denying individuals rights, benefits, or privileges solely for refusing to disclose their Social Security Number (SSN).

22. The Plaintiffs maintained that the RSA Defendants PEEHIP Wellness Programs implicating privacy and confidential medical information are voluntary only if the Plaintiffs neither require participation nor penalize PEEHIP wellness programs participants like the Plaintiffs who choose to keep their medical and genetic information private.

23. The RSA Defendant PEEHIP Wellness Program is a **BUSINESS CONTRACTS** between ex-employers, present employees, and often third-party contractors and vendors to improve health, reduce costs, and, in some cases, determine insurance premium rewards or penalties.

24. The RSA Defendant Wellness Plan Flexible Spending Account (FSA) **BUSINESS CONTRACTS** are a pre-tax, employer-sponsored account that allows employees to pay for qualified out-of-pocket medical, dental, and vision and STD and LTD disability insurance expenses.

25. The RSA Defendant   required  the Plaintiffs  to  provide birth certificates, place of birth  and/or  US- SSA's  SSNs and a copy of their Social Security card for pharmacy benefits

26. Therefore, the   Plaintiffs  brings this action against the RSA Defendants for declaratory judgment and permanent injunctive relief under the  4th Amendment to the U.S Constitutional, and the   ACA, ADA, FMLA  and GINA and HIPPA laws , and for violation of 42 U.S.C §1981 and 42 U.S.C §1982 of the Civil Rights  and the  INA  Civil Rights  Laws.

## II.    JURISDICTION AND VENUE

27. Plaintiffs bring this case under the ADA, 42 U.S.C. §§ 12101 et seq., and GINA, Pub. L. No. 110-233, 122 Stat. 881, because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

28. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because the RSA  Defendant is located in this District and the events giving rise to the claim occurred in this District.

## III.    PARTIES

29. **Plaintiff Gregory Kelly,** is a Black male, over the age of sixty  (60) years, and at all times relevant hereto was a resident of Montgomery, Montgomery County, Alabama, which is encompassed in the area of the U.S District Court for the Middle District of Alabama, Northen Division.

6

30. **Plaintiff Annette B. Kelly ,** is a Black female, over the age of sixty  (60) years, and at all times relevant hereto was a resident of Montgomery County, AL, which is encompassed in the area of the U.S District Court for the Middle District of Alabama, Northen Division,

31. The RSA  Defendant  manage  the  PEEHIP Wellness Program, which  is a mandatory  medical healthcare  program for state teachers, AHSAA  employees and  their spouses to improve health through screenings, coaching, and tobacco cessation. The RSA Defendant address is   201 South Union Street in Montgomery County, AL, 36130-2150.

## IV.    FACTUAL ALLEGATIONS

32. **On  May 29, 2016,  the   RSA  Defendant by letter replied  to  the Plaintiffs letters were  they accused**   the RSA  Defendant  of: (i)**MSP Act   frauds (ii)** violations  the  ACA Act Same -Sex-Marriage  laws,   and (ii)  the discriminatory leveling   Black taxes  on Black and non-white   Wellness Program participants. **(Ex #1)**

33. **In  their  replied letter,**  the  Defendant **DID NOT** dispute  the Plaintiffs allegations that  Plaintiff, Gregory Kelly , PEEHIP contract was  canceled  and his RSA Pension  benefits, ARRA  COBRA Healthcare and  state SEICTF and STD and LTD disability benefits  were  forfeit due  to Crime Involving Moral Turpitude (CIMT)  and Good Moral Character (GMC)  violations. **(Ex #2)**

34.In the RSA Defendant 's PEEHIP WELLNESS CONTRACTS , the Defendant is **NOT TREATING** same-sex spouses in the same manner as opposite-sex spouses or eligible dependents arising from same-sex marriages.

35.In the RSA Defendant's PEEHIP WELLNESS BUSINESS CONTRACTS, the RSA Defendant charges a **$50 per month tobacco premium** ($600 annually) for members and/or their spouses enrolled in the Hospital Medical Plan of Medicare Part A Plan who use tobacco products.

36.In the RSA Defendant's PEEHIP WELLNESS CONTRACTS , the RSA Defendant charges a $50 monthly ($600 annually) wellness premium penalty **for members and/or their spouses who reject** annual PEEHIP Wellness Program Medical Examinations.

37. **The RSA Defendant is usurping federal law with state laws because** MSP Act requires that Medicare pays secondary to certain primary plans, such as employer group health plans, workers' compensation, or liability insurance. Eligibility is based on whether a beneficiary has other coverage, generally, age 65+, disabled, or having ESRD, where the other plan pays first.

38. Under RSA Defendant's "Group Health Plans" (GHPs), blind and sight impaired SSDI and End-Stage Renal Disease (ESRD) Disabled recipients who were **less than 65 years old** were forced to enroll in Medicare Parts A and B in order to maintain healthcare coverage with RSA Defendant.

39. The RSA Defendant and **more than 458 state agencies** ARE NOT FULLY COMPLYING with the MSP Act Eligibility rules as shown below:

### Medicare Secondary Payer (MSP Act) Eligibility Table

| Scenario | Primary Payer (Pays First) | Secondary Payer |
|---|---|---|
| Working Aged (Age 65+) & employed (or spouse) | Group Health Plan (GHP) | Medicare (if 20+ employees) |
| Working Aged (Age 65+) & employed (or spouse) | Medicare | GHP (if <20 employees) |
| **Disabled (Under 65) & Large Group Health Plan** | **LGHP** | **Medicare (if 100+ employees)** |
| End-Stage Renal Disease (ESRD) | GHP (first 30 months) | Medicare |
| Worker's Compensation (Job-related injury) | Workers' Comp | Medicare |
| No-Fault Insurance (Auto accident) | No-Fault Insurer | Medicare |
| Liability Insurance (General accident) | Liability Insurer | Medicare |
| COBRA Coverage | COBRA | Medicare |
| Veterans Affairs (VA) | VA | Medicare |

40. The Defendant are defrauding the MSP Act **Programs by forcing and coercing and bullying PEEHIP WELLNESS Disabled** (Under 65) subscribers to disenrolled from the Defendant's LGHP Plans

41. After the Defendant disenrolled Plaintiff Gregory Kelly from the RSA Defendant's LGHP Plans , the Defendant then coerced and bullied the Plaintiff, Gregory Kelly, a Disabled (Under 65) PEEHIP WELLNESS plan subscriber to buy Medicare Part B insurance, **thus making the Defendant the Medicare Secondary Payer instead of the Medicare First Payer with constituted <u>Healthcare frauds by the RSA Defendant.</u>**

42. The Plaintiffs have been backlisted and denied pension pensions by the RSA Defendant for alleging that the Defendant and **more than 458 state agencies WERE MAKING FALSE PROMISES AND UNTRUE STATEMENTS** under the federal and state data privacy and security laws

43. **Due to the Alabama HB 56 laws , the** RSA Defendant **more than 458 state agencies** have imposed difference terms, and conditions, and **terminated and/or temporarily terminated the Plaintiffs PEEHIP WELLNESS HEATHCARE CONTRACTS, and** the Plaintiffs have also been denied benefits and privileges, as PEEHIP WELLNESS insurance subscribes due to their race and color.

44. **The RSA' Defendant   PEEHIP WELLNESS Program** was included in  the 2021  ARPA Act spending plan ,  and the Defendant received  about $40 million to $71 million+ in reimbursements for COVID-19-related expenses.

45. Since  April 9, 2009,  Plaintiff Gregory Kelly has  been Blacklisted for being accused the RSA Defendant  and more than 458 state agencies  of : **(Ex 3)**

   a.   Colluding in antitrust violations  with  Cross Blue Shield (BCBS) agreed to a $2.8 billion settlement in 2024 to resolve a long-running antitrust lawsuit alleging that member companies violated antitrust laws

   b. Pension Benefits  frauds where  RSA retirees  and PEEPHIP   subscribers **more than 125-year-old are receiving RSA system benefits**

   c. Insurance frauds under the Medicare Secondary Payer **Act** and PEEPHIP Healthcare  Plan  Contracts

   d. **A complex  Ponzi  Pension  and Healthcare Scheme** involving   the RSA Defendant  and   AHSAA members  and  their employees

   e.   Breach of  PEEPHIP , COBRA,  Short-term disability (STD) and Long-term disability (LTD)  and State Employee Injury Compensation Trust Fund (SEICTF) contracts occur when the RSA Defendant  fail to provide required health insurance continuation notices or coverage

   f.   Gross mismanagement,   fraud, waste,  abuse  and violations of laws in connection with  2021  ARPA Act covid-19 Healthcare  funds .

11

## CAUSES OF ACTION

### COUNT 1:
### VIOLATION  OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C §§1981
### (ALL DEFENDANTS)

46. The Plaintiffs  incorporate the preceding paragraphs as if set forth fully herein.

47. The  Civil Rights Act of 1866 as amended , 42 U.S.C §1981 guarantees: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to **make and enforce contracts,** to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and 42 U.S.C §1981(b) providers.

48. By the conduct , actions  and acts described above,  the RSA Defendant has intentionally  deprive Blacks, Hispanics, Latinos  and the   Plaintiffs on the basis of race and  color of the same rights as are enjoyed by white citizens  to make and enforce contracts  under  the **RSA  Defendant 's  PEEHIP WELLNESS  CONTRACTS** *for medical care ,  mental healthcare care, vison care ,dental care and for  ambulance service, and for STD and LTD disability medical  service contracts   in   violation of 42 U.S.C §1981.*

12

*49.* The RSA Defendant has acted with malice and/or reckless disregard for Plaintiffs' constitutional rights under 42 U.S.C §1981., thereby entitling the Plaintiffs to an award of punitive damages.

## COUNT 2:
## VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C §§1982
## ( ALL DEFENDANTS)

50. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

51. The Civil Rights Act of 1866 as amended , 42 U.S.C §1982 guarantee: All citizens shall have the same rights, in every State and Territory as is enjoyed by white citizens therefore to inherit, purchase, lease, sale, hold, and convey real and personal property.

*52.* By the conduct , actions and acts described above, the RSA Defendant has intentionally deprive the Plaintiffs on the basis of race and color of the same rights as are enjoyed by white citizens to purchase and buy **PEEHIP WELLNESS CONTRACTS** *for medical care , mental healthcare care, vision care ,dental care and for ambulance service, and for STD and LTD disability medical service contracts in violation of 42 U.S.C §1982.*

53. The RSA Defendant has acted with malice and/or reckless disregard for Plaintiffs' constitutional rights under 42 U.S.C §1982, thereby entitling the Plaintiffs to an award of punitive damages.

54. Therefore , the Plaintiffs pray for the actual damages, equitable and declaratory relief, and recovery of costs and attorney fees to which they may be entitled under Civil Rights Act of 1866 as amended , 42 U.S.C §1982

## COUNT 3 :
## VIOLATIONS OF INA ACT RETALIATION AND DOCUMENT ABUSE AND CITIZENSHIP DISCRIMINATION CODIFIED in 8 U.S.C. § 1324b. ( ALL DEFENDANTS)

55. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

56. After the 2011 Scarlet Letter Law, Alabama HB 56 ( and later amended by HB 658) was ruled unconstitutional, the RSA Defendant has failed to make diligent and immediate efforts to notify" every person whose names presently remains flagged as possible non-citizens in the system such as:

    a.  **Black job insurance seekers whose surnames were:** *Smith, Brown, Johnson, Jackson, Jones, Jefferson and Williams*.

    b.  **Hispanic insurance seekers who surnames were**: *Lopez, Gonzalez, Garcia, Hernandez, Martinez, Lopez and Cruz*

    c.  **Asian insurance seekers** who surnames *were: Nguyen, Wang, Wong Kim, Lee, Zheng, Li, Chen, Khan Liu and Patel*.

    d.  **Muslim insurance seekers** who surnames were: *Begum, Khan, Hussain, Ali, Ahmed, Akhtar, Miah, Rahman, Iqbal*

57. Pursuant to the 1952 INA Provisions , the RSA Defendant and **more than 458 state agencies** have conspired in INA Act violations on the basis of:

   e.   Proof of Citizenship ( POC) Status

   f.   Proof of Immigration( POI) Status

   g.   Document Abuse and

   h.   Intimidation and Retaliation Offenses

58. The RSA Defendant and **more than 458 state agencies** malicious actions harmed and injured the Plaintiff when the Plaintiffs were subjected to intimidation act defined in the INA Act by virtue of having been subject to the state's 2011 Scarlet Letter laws which have a disproportionate, discriminatory impact on Black, Hispanics and Asian, foreign born and non-English speaking job seekers which constitute violation of the 1952 INA Act laws.

59. Therefore , the Plaintiffs pray for the actual damages, equitable and declaratory relief, and recovery of costs and attorney fees to which he may be entitled under INA Act Document abuse (unfair documentary practices) and retaliation acts codified in **8 U.S.C. § 1324b**.

## COUNT 4
## RETALIATION AND DISCRIMINATION VIOLATIONS OF SECTION 1557 of 2010 ACA ACT HEATHCARE CIVIL RIGHTS LAWS (ALL DEFENDANTS)

60. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

61. The RSA Defendants as a covered entity under Section 1557 of the ACA Act

62. The Plaintiffs were retaliated against and blacklisted for reporting and filing lawsuits about violation of a law, rule, or regulation by the RSA Defendant and **more than 458 state agencies** under Section 1557 of the ACA Act

63. **The RSA Defendant's PEEHIP WELLNESS PROGRAM IS NOT COMPLYING** with Section 1557 of the ACA Act **because the** RSA Defendant and **the** RSA Defendant 's employees are still discriminating on the basis of race and sex by imposing Black taxes on non-whites and pink taxes on women and pregnant women.

64. **The RSA Defendant has also failed to update their PEEHIP WELLNESS PROGRAM Rules** to covers sexual orientation, gender ID and prohibit discriminatory use of clinical AI -algorithms.

65. Thus, the Plaintiffs pray for the actual damages, equitable and declaratory relief, and recovery of court costs and fees to which they may be entitled due to the RSA Defendant's PEEHIP WELLNESS PROGRAM violations under Section 1557 of the ACA Act Healthcare Civil Rights laws.

## COUNT 5
## VIOLATION OF THE ADA ACT
## (ALL DEFENDANTS)

66. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

67. The RSA Defendants is a covered entity under 42 U.S.C. § 12111(2) and § 12111(5)(A) because it is an employer engaged in an industry affecting commerce with 15 or more employees.

68. The RSA Defendants require medical examinations and makes inquiries of employees in violation of 42 U.S.C. § 12112(d)(4)(A) and (B) because the medical examinations required under the **PEEHIP WELLNESS PROGRAM IS NOT** "voluntary" components of an employee wellness program.

69. **The medical, healthcare and mental health testing under the Defendant's PEEHIP WELLNESS PROGRAMS** includes medical exams within the meaning of the ADA Act because the required testing is administered by a health care professional or in a medical setting and seeks information about an individual's physical or mental impairment or health. The testing requires blood drawing and cholesterol testing.

70. **The RSA Defendants PEEHIP WELLNESS PROGRAM** includes improper questions and requests for insurance claims data from insurance providers within the meaning of the ADA because improper questions and requests are likely to elicit information about a disability.

71. The RSA Defendant imposes $50 monthly ($600 annually) fine and/or tax on the Plaintiffs and other individuals who do not submit to these improper medical inquiries and examinations.

## COUNT 6
## VIOLATION OF THE GINA ACT
## (ALL DEFENDANTS)

72. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

73. **The PEEHIP WELLNESS PROGRAMS** violates GINA Act , 42 U.S.C. § 2000ff-1(b),

74. Because the RSA Defendant is an employer who is requesting, requiring, or purchasing genetic information with respect to an employee or family member of the employee without voluntary authorization from the employee.

75. The GINA Act defines "family members" as dependents under ERISA, or those related (up to four degrees) to the employee or dependent.

76. **The PEEHIP WELLNESS PROGRAMS** testing requirement for spouses, which includes the RSA Defendant's agents and/or vendors obtaining test results to analyze them for risk factors, is a request for genetic information because it elicits information about the manifestation of a disease or disorder in the employees' family members.

18

77. **The PEEHIP WELLNESS PROGRAMS AND CONTRACTS** transfers of insurance claims data from insurance providers through the RSA Defendant's agents and/or vendors are requests for genetic information because they elicit information about the manifestation of a disease or disorder in the employees' family members.

78. The RSA Defendant's and the RSA Defendant's agents and/or vendors transfer, through its agents, of insurance claims data about employees' spouses from insurance providers to wellness vendors are unlawful disclosures of genetic information under 29 U.S.C. § 1635.9.

79. In connection with the **PEEHIP WELLNESS PROGRAMS AND CONTRACTS**, the RSA Defendant's and the RSA Defendant's agents and/or vendors unlawfully disclosed the Plaintiffs and the Plaintiffs' family members genetic information. 29 C.F.R. § 1635.9.

80. The RSA Defendant imposes $50 monthly ($600 annually) fine and tax on those who do not submit to the acquisition of genetic information.

## COUNT 7
## VIOLATIONS OF THE FMLA ACT LAWS
## (ALL DEFENDANTS)

81. The Plaintiffs incorporates the preceding paragraphs as if set forth fully herein

82. **The Defendant's PEEHIP WELLNESS PROGRAMS AND CONTRACTS** violates FMLA Act confidentiality rules

19

83. The FMLA Act requires employers to maintain strict confidentiality of medical records and store them in files separate from regular personnel files.

84. Under the FMLA Act, all medical certifications, recertifications, and medical histories must be treated as confidential medical records, often kept under lock and key, with access limited specifically to authorized individuals, such as HR staff managing the leave.

85. In connection with the **PEEHIP WELLNESS PROGRAMS**, the RSA Defendant's and the RSA Defendant's agents and/or vendors unlawfully spying, snooping and looking into the Plaintiffs personnel files and inspection of the Plaintiffs financial and medical records

86. **The RSA Defendant failed to train their WACKO, WEIRDO, SICKO AND PSYCHO** employees under the federal and state privacy laws about the unlawfully spying, snooping and looking into the Plaintiffs personnel files and inspection of the Plaintiffs financial and medical records

87. The RSA Defendant imposes $50-monthly ($600 annually) fine and tax on the Plaintiffs for protesting and filing a 2007 federal lawsuit about the RSA Defendant's **WACKO, WEIRDO, SICKO AND PSYCHO** state employees unlawfully spying, and snooping into the Plaintiffs Human Resources (HR) personnel files which contained financial and medical records about the Plaintiffs disabilities and court bankruptcy filings.

20

## COUNT 8
## VIOLATIONS OF THE HIPPA and HITECH ACT LAWS
## ( ALL DEFENDANTS)

88. The Plaintiffs  incorporate the preceding paragraphs as if set forth fully herein

89. **The Defendant's PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** violation  HIPAA regulations (45 CFR § 160.316) which  bans  the RSA Defendant  and more than 458 state government  agencies from intimidating, threatening, coercing, discriminating against, or retaliating against the Plaintiffs and the  RSA Defendant's employees or patients who report potential violations, participate in investigations, or oppose unlawful practices

90. **The PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** violates  the HIPPA Act   and HITECH Act storage e- data privacy  laws , and The RSA Defendant   and their   agents and/or vendors unlawfully disclosed  the Plaintiffs and  the Plaintiff 's  family members electronic records (ePHI).

91. **In connection with the  PEEHIP WELLNESS  PROGRAMS AND CONTRACTS,** the   RSA Defendant   and   the RSA Defendant's   agents and/or vendors unlawfully disclosed  the Plaintiffs  and  the Plaintiffs'  family members  electronic records (ePHI).

92. The  RSA  Defendant imposes $50 monthly  ($600 annually) fine and tax on those who do not submit to the acquisition of  electronic records (ePHI).

21

## COUNT 9
## VIOLATION OF 4TH AMENDMENT   PRIVACY LAWS
## (ALL DEFENDANTS)

93. The Plaintiffs  incorporate the preceding paragraphs as if set forth fully herein

94. **The RSA Defendant's PEEHIP WELLNESS  PROGRAM** violates  the **4TH AMENDMENT  PRIVACY LAWS**

95. **The Defendant's PEEHIP WELLNESS  PROGRAM** violates  the because the  Fourth Amendment which protects against unreasonable, warrantless government searches of medical records, but its coverage is limited by the "third-party doctrine," where data shared with providers is not fully private

96. **In connection with the Defendant's PEEHIP WELLNESS  PROGRAMS, the  RSA Defendant's** unlawfully discloses medical records information violates  the  Fourth Amendment to the U.S Constitution

97. The  RSA  Defendant imposes $50 monthly  ($600 annually) fine and tax the Plaintiffs  and those  who do not submit,  protested **and filed a 2007 Federal laws about   Fourth Amendment  violations** which protect against unreasonable, warrantless government searches of medical records.

22

## COUNT 10
## VIOLATION OF SECTION 7 OF THE FEDERAL PRIVACY LAWS (ALL DEFENDANTS)

98. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein

99. **The RSA Defendant's PEEHIP WELLNESS PROGRAMS AND CONTRACTS** violate Section 7 of the Federal Privacy Laws.

100. **The Defendant's PEEHIP WELLNESS PROGRAM** is in violation of **Section 7 of the Federal Privacy Laws because** the RSA Defendant PEEHIP Wellness Program requires the Plaintiffs and other members to provide a birth certificate, place of birth and/or US- SSA's SSN and a copy of their Social Security card for enrollment, dependent verification, and compliance with federal Medicare Secondary Payer rules.

101. **In connection with the Defendant's PEEHIP WELLNESS PROGRAMS ,** the RSA Defendant's unlawful disclosures of the Plaintiffs of the SSNs and a copy of the Plaintiffs Social Security card for enrollment in the Defendant's PEEHIP WELLNESS PROGRAMS and the Defendant's GHP and STD/LTD disability insurance plans violates Section 7 of the Federal Privacy Laws.

102. The RSA Defendant imposes $50 monthly ($600 annually) fine and tax on the Plaintiffs and others who protest against violations of Section 7 of the Federal Privacy Laws.

23

## COUNT 11
## VIOLATION OF THE GLBA ACT   FEDERAL   PRIVACY LAWS
## (ALL DEFENDANTS)

103.  The Plaintiffs  incorporates the preceding paragraphs as if set forth fully herein

104.  **The RSA Defendant's PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** violate  the GLBA Act Data Privacy Law.

105.  **The Defendant's PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** are in violation of the1999  GLBA  Act  which is a federal data privacy law which require financial institutions to protect the privacy and security of consumer financial data.

106.  **In connection with the Defendant's PEEHIP WELLNESS PROGRAMS ,  the RSA Defendant's** unlawfully disclosed and failed  to protect  the privacy and security of consumer financial data under  the  1999 GLBA Act  Privacy  Laws  including  NPI data like  names, Social Security numbers, bank accounts, income, and loan data provided to obtain services

107.  The  RSA  Defendant imposes $50 monthly  ($600 annually) fine and tax on the Plaintiffs    and others who protested  against violations  of  the 1999 GLBA  Act   Federal  Privacy  Laws.

## COUNT 12
## VIOLATION OF THE CFAA ACT  FEDERAL  PRIVACY LAWS
## (ALL DEFENDANTS)

108. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein

109. **The RSA Defendant's PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** violate the CFAA Act Data Privacy Law.

110. **The Defendant's PEEHIP WELLNESS  PROGRAM** is in violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, which criminalize unauthorized access or exceeding authorized access to "protected computers" broadly, any internet-connected computer.

111. **Under the RSA Defendant's PEEHIP WELLNESS  PROGRAMS** , the **RSA Defendant's and more than 458 state agencies acted in concert** when violating three mayor provisions the CFAA Act Cybersecurity laws which prohibits (i) unauthorized access with the intent to defraud, (ii) computer access without authorization and the altering, damaging, or destroying of information, and (iii) trafficking in computer passwords.

112. **In connection with the Defendant's PEEHIP WELLNESS PROGRAMS ,   the RSA Defendant's** CFAA Act Cybersecurity breaches including  PII, PHI, NPI, SPII, SSNs and DLNs, among other things.

25

113. The RSA Defendant imposes $50 monthly ($600 annually) fine and tax on the Plaintiffs and others who protested against violations of the CFAA Act Cybersecurity Federal Cybersecurity Privacy Laws.

### COUNT 13
### VIOLATION OF THE ECPA ACT FEDERAL PRIVACY LAWS
### (ALL DEFENDANTS)

114. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein

115. **The RSA Defendant's PEEHIP WELLNESS PROGRAMS AND CONTRACTS** violate the ECPA Act Data Privacy Law.

116. **The Defendant's PEEHIP WELLNESS PROGRAMS AND CONTRACTS** are in violation of the Electronic Communications Privacy Act (ECPA) which prohibiting unauthorized interception, access, or disclosure of wire, oral, and electronic communications.

117. **In connection with the Defendant's PEEHIP WELLNESS PROGRAMS ,** the RSA Defendant's ECPA Act Cybersecurity violations and breathes including stored electronic data in cyber cloud storage system.

118. The RSA Defendant imposes a $50 monthly ($600 annually) fine and tax on the Plaintiffs and others who rebelled and protested against violations of the ECPA Act Cybersecurity Federal Cybersecurity Privacy Laws.

## COUNT 14
## VIOLATION OF THE ALABAMA DATA  BREACH NOTIFICATION  ACT
## ( ALL DEFENDANTS)

119. The Plaintiffs  incorporates the preceding paragraphs as if set forth fully herein

120. **The Defendant's PEEHIP WELLNESS  PROGRAMS AND CONTRACTS** violate  the 2018 Alabama's Data Breach Notification Act

121. **The Defendant's PEEHIP WELLNESS  PROGRAMS IS** in violation  of the  State 's SPII data laws and  because  2018 Alabama's Data Breach Notification Act  which requires entities holding Sensitive Personally Identifying Information (SPII) to notify the Alabama Attorney General and affected residents of breaches causing substantial harm.

122. **In connection  with the Defendant's PEEHIP WELLNESS PROGRAMS ,    the RSA Defendant's** unlawfully disclosed and failed  to to protect the  Plaintiffs Sensitive Personally Identifying Information (SPII) **data such as Social Security Numbers (SSN), driver's license numbers, bank account numbers, biometric records, and medical records**

123. The  RSA  Defendant imposes a $50 monthly  ($600 annually) fine and tax on the Plaintiffs    and other individuals  who protested about  Alabama's Data Breach Notification Act of 2018 (Acts 2018-396).

## COUNT 15
## RETALIATION VIOLATIONS UNDER THE 2010 DFA Act
## (ALL DEFENDANTS)

124. The Plaintiffs incorporates the preceding paragraphs as if set forth fully herein.

125. The 2010 Dodd-Frank Act (DFA Act) enhances the ability of victims in complex Ponzi or fraudulent pension schemes to recover losses by regulatory enforcement, increasing penalties on violators, and providing robust incentives for whistleblowers

126. **In a complex Ponzi Pension and Healthcare Scheme**, the Defendant and **the AHSAA "NONE TEACHING ' STATE EMPLOYEES "** members acted in concert with RSA Defendant and their employees to extort and embezzle Plan Benefits from the RSA Defendant's TRS funds by illegal "wage theft," "pay docking" and medical pay docking ( Black and Pink taxing ) schemes under the Defendant's PEEHIP Healthcare Plans.

127. **The** RSA Defendant imposes a $50-monthly ($600 annually) fine and tax on the Plaintiffs for reporting **a complex AEA Teachers Union Ponzi Pension Scheme where the RSA** Defendant **and the AHSAA member employees were** extorting and embezzling plan benefits and funds from the RSA Defendant's Teachers union funds in wage theft," "pay docking" and medical pay docking ( Black and Pink taxing ) schemes.

28

## COUNT 16
## FTC ACT  SECTION 5(a) DECEPTIVE BUSINESS PRACTICES
## ( ALL DEFENDANTS)

128.  The Plaintiffs  incorporate the preceding paragraphs as if set forth fully herein

129.  The  RSA Defendant unlawful and illegal policies and  practices as described above constitute deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

130.  The  RSA  Defendant   imposes a $50 monthly  ($600 annually) fine and tax on the Plaintiffs    and others who protested  against violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 17
## UDAAP  ACT DECEPTIVE BUSINESS PRACTICES
## (ALL DEFENDANTS)

131.  The Plaintiffs  incorporate the preceding paragraphs as if set forth fully herein

132.  **The  RSA Defendant**  and **more than 458 state agencies** have been engaging in deceptive practices such as  hiding healthcare  taxes,  fees and fines and surcharges **and misrepresenting PEEHIP WELLNESS  PROGRAMS eligibility requirements  and make false promises and attestations  under the federal and state data privacy laws.**

29

133.  The Defendant's policies  and practices as described above constitute deceptive acts or practices in violation of  the UDAAP  Act.

134.  The  RSA  Defendant imposes a $50 monthly  ($600 annually) fine and tax on the Plaintiffs for  protesting  against violation of the UDAAP  Act

## COUNT 18
## UNJUST ENRICHMENT  BY BLACK AND PINK HEALTHCARE TAXES
### ( All  Defendants)

135.  Plaintiff  incorporates the preceding paragraphs as if set forth fully herein.

136.  The RSA  Defendant and their business  associates benefited from  these **PEEHIP HEALTHCARE BLACK AND PINK TAXES** and Enterprise members and participants  were unjustly enriched in the form of, among other things, decreased  healthcare costs and increased profits, including but not limited to decreased profits and increased profits resulting from the lower medicals expenses  and benefits paid  to PEEHIP Healthcare  subscribers.

**137.**  The RSA Defendant has unlawfully and financially  benefited  by and through unconscionable conduct,  actions  and acts  and it would be unjust for the RSA Defendant to retain monies and financial benefits from unconscionable conduct,  actions  and acts  by and through  when committing crimes by charging PEEHIP Healthcare Black  subscribers **Black taxes and PEEHIP Healthcare women   subscribers  pink  taxes.**

138. Due to the Defendant unjust enrichment by charging **PEEHIP** Healthcare Black subscribers Black taxes and PEEHIP women Healthcare subscribers pink taxes, the Plaintiffs have suffered financial loss, loss of dignity, loss of career opportunity, embarrassment, humiliation, emotional distress, and physical pain and suffering, among other things.

## COUNT 19
## INVASION OF PRIVACY
### (All Defendants)

139. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein.

140. On more than one occasion, RSA Defendant intruded upon the Plaintiff's' private solitude by snooping and spying into the Plaintiffs' employment, education, healthcare and medical, credit, criminal, court filings and court bankruptcy filing records and snooping and spying into government databases looking for incriminating evidence against the Plaintiff and their family members "**WITHOUT GOOD CAUSE**."

141. The invasion of Plaintiffs privacy was intentional and without consent.

142. The invasion of the Plaintiffs privacy was highly offensive to a reasonable person.

143.  As a direct and proximate result of the invasion of privacy, the Plaintiffs have suffered damage, including but not limited to: mental anguish, emotional distress, loss of privacy, and financial loss.

## COUNT 20
## BREACH OF PEEHIP HEALTHCARE CONTRACT
### (All Defendants)

144.  The Plaintiffs incorporates the preceding paragraphs as if set forth fully herein

145.  As set forth above, the RSA Defendant has committed **BREACHES OF THEIR OF PEEHIP HEALTHCARE CONTRACT** when colluding in reprisal acts Plaintiff, Gregory Kelly, when the RSA Defendant and more than 458 state agencies falsely accused Plaintiff, Gregory Kelly, of multiple felony crimes under state laws such as Crime Involving Moral Turpitude (CIMT) and Good Moral Character (GMC).

146.  The RSA Defendant and Plaintiff, Gregory Kelly, had an enforceable **PEEHIP HEALTHCARE CONTRACT** between the two parties

147.  The RSA Defendant failed to perform their obligations under their **PEEHIP HEALTHCARE CONTRACT, and terms of agreement**

148.  The RSA Defendant breaches include failures to perform their duties and obligations owned to Plaintiff, Gregory Kelly, on more than one occasions

32

149. Due to RSA Defendant breaches and failure to perform, the Plaintiffs have suffered financial or reputational harm due to the breach

## COUNT 21
## FIRST AMENDMENT RETALIATION PURSUANT TO § 1983
## (ALL DEFENDANTS)

150. The Plaintiffs incorporates the preceding paragraphs as if set forth fully herein.

151. In taking the above-described actions, the RSA Defendants and **more than 458 state agencies** intentionally and willfully retaliated against the Plaintiffs for their constitutionally protected public speech in multiple court processing under the First Amendment, to include RSA Defendants and more that 458 state agencies filling a court anti -injunction to prevent the Plaintiffs from filing **more lawsuits** about matters of public concern.

152. The Plaintiffs' constitutionally protected speech regarded matters of public concern, specifically constitutional rights abuses and violations of federal and state laws by the RSA Defendants and more than 458 state agencies , as set **out in the Plaintiffs more than 35 federal and state lawsuits.**

153. Said speech played a substantial part in Defendant' decisions to DENIED Plaintiff Gregory Kelly re-employment rights, professional job references and Short-term disability (STD) and Long-term disability (LTD) benefits and 2009 ARRA COBRA Healthcare Benefits and Workers Compensation a/k/a

State Employee Injury Compensation Trust Fund (SEICTF)  and WIOA Act education and training benefits, among other  things.

154.   As a proximate consequence of  RSA Defendant violation of the First Amendment,  the Plaintiffs have  suffered and will continue to suffer damage to his professional life, reputation, and future career opportunities, future pecuniary losses, emotional pain, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

155.   The Defendant committed acts to further the conspiracy.

**COUNT 22**
**Violation of the First Amendment – Viewpoint Discrimination**
**(ALL DEFENDANTS)**

156.   The Plaintiffs  incorporates the preceding paragraphs as if set forth fully herein.

157.   The RSA Defendant and **more than 458 state agencies**  have violated another core First Amendment principle: the prohibition on viewpoint discrimination. The Supreme Court has long held that "[t]he government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction. **The First Amendment forbids "us[ing] the power of the State to punish or suppress disfavored expression."**

34

158. The RSA Defendants and **more than 458 state agencies** have targeted the Plaintiffs because the Defendants and **more than 458 state agencies** have disagreed with certain viewpoints expressed by the Plaintiffs.

159. As set forth above, the RSA Defendants and **more than 458 state agencies** have repeatedly criticized and targeted the Plaintiffs due to their viewpoints and their public advocacy activities about matter of public concerns which the Plaintiffs have expressed in more thirty-five (35) federal and state civil lawsuits againts the RSA Defendants and **more than 458 state agencies**

160. While the RSA Defendants and **more than 458 state agencies** may disagree with some of the viewpoints of the Plaintiffs, the First Amendment does not allow RSA Defendants and **more than 458 state agencies** to punish the Plaintiffs based on their viewpoints.

161. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration against the RSA Defendants and **more than 458 state agencies** due to their unlawful and unconstitutional conduct, acts and actions in targeting the Plaintiffs based on their viewpoints expressed

162. The RSA Defendants and **more than 458 state agencies** may not retaliate against the Plaintiffs for the viewpoints and due to their public advocacy activities about matter of public concerns.

163. Thus, the Plaintiffs are also entitled to injunctive relief preventing the RSA Defendant and their Defendant employees from implementing or effectuating to more retaliatory acts, actions and threats or from engaging in future. retaliatory, discriminatory and harassment conduct, actions and threats based on viewpoint discrimination against the Plaintiffs

## COUNT 23:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

164. The Plaintiffs incorporate the preceding paragraphs as if set forth fully herein

165. The RSA Defendant and their employees conduct and actions constitute intentional infliction of emotional distress on the Plaintiffs that were malicious.

166. The RSA Defendant and their employees actions and acts were intended to cause personal harm and economical injuries to the Plaintiffs.

167. Due to the RSA Defendant and their employees actions and acts, the Plaintiffs have suffered severe emotional distress as a direct result of the Defendant unlawful conduct, acts, actions and lawless crimes.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs pray that the jury will award them, based on the facts and circumstances of this case, an amount of money to adequately compensate the Plaintiffs and to sufficiently punish the Defendant so as to deter such action in the future.

**Respectfully Submitted March   20 of 2026.**

By: _____

**Gregory Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

By: _____

**Annette B. Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com